IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| Ronnie Davis | ) | |
| 5614 Fairfield Lane | ) | |
| Hayes, VA 23072 | ) | |
| | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:15-cv-01108-RDB |
| | ) | |
| Samuel I. White, P.C., | ) | |
| 611 Rockville Pike Suite 100, | ) | |
| Rockville, MD 20852 | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR
VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT**

**COMES NOW**, the Plaintiff, Ronnie Davis on behalf of himself

and all others similarly situated, by and through the undersigned counsel and files

this First Amended Class Action Complaint pursuant to Rule 15(a)(2) against the

above named Defendant, respectfully showing the Court as follows:

**INTRODUCTION**

1.

This action seeks redress for debt collection practices utilized by Defendant

Samuel I. White, P.C. (hereinafter "Defendant White" or "Defendant") that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692(e) and §1692g(a)(2) by mis-identifying the creditor in the debt validation letter attached hereto as Exhibit "A", §1692(e) and §1692g(a)(1) for misstating the total amount due in the same debt validation letter and §1692(e) and §1692f(6)(A) for threatening and then foreclosing non-judicially when there was no present right to the property clamed as collateral through an enforceable security interest.  Finally, since the debt validation letter attached hereto as Exhibit "A" is a form letter sent to hundreds of consumers within the past year Plaintiff also seeks to represent a class of individuals that received the form letter and is asking this Honorable Court to award statutory damages and attorney fees to the Plaintiff and putative class members.

## PARTIES AND SERVICE

2.

Plaintiff Ronnie Davis is a natural person the subject of the dispute complained about herein and he currently resides at 5614 Fairfield Lane Hayes, VA 23072 in Gloucester County, Virginia.  Plaintiff was honorably discharged from the United States Army thus allowing him to refinance his home mortgage utilizing the Veterans Administration for financing.

3.

Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt in default allegedly owed to another, that was for personal, family or household purposes, to wit, residential mortgage debt incurred to re-finance the purchase of Plaintiff's primary residence.

4.

Defendant Samuel I. White, P.C. is a professional corporation organized and existing under the laws of the state of Virginia, doing business in the State of Maryland.  Its office is located at 611 Rockville Pike, Sandy Spring Bank Financial Center, Suite 100, Rockville, MD 20852.

5.

Defendant is primarily engaged in the business of collecting on promissory notes in default for "creditors"[1] as defined in the FDCPA through the sending of debt collection letter similar to the one attached hereto as Exhibit "A" and the foreclosure process.

---

[1] 15 USC § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. All references in this complaint to the word "creditor" refer to the definition herein.

6.

Defendant White is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business, the principal purpose of which, is the collection of any debts, and regularly collects and attempts to collect, directly, debts owed or due or asserted to be owed or due another.

7.

Defendant White also qualifies as a debt collector because it mails over two hundred (200) debt collection letters each month on behalf of creditors to consumers identical to or substantially similar to the one attached hereto as Exhibit "A" and conducts over one hundred fifty (150) non-judicial foreclosures sales each month on behalf of creditors.

8.

Defendant White may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, Mr. Daniel Pesachowitz, located at 611 Rockville Pike, Sandy Spring Bank Financial Center Suite 100, Rockville, MD  20852.  Defendant White was served with process on April 22, 2015.

## SUBJECT MATTER JURISDICTION AND VENUE

### 9.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k(d).

### 10.

Pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), venue is proper in this district because the Defendant is subject to this Court's personal jurisdiction.  Defendant is subject to this Court's personal jurisdiction because it directs its collection efforts into this District as required by Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1) and maintains a registered agent and office in Maryland as required by Md. Code Ann., Cts. & Jud. Proc. § 6-102(a).

## FACTUAL ALLEGATIONS

### 11.

On or about December 10th, 2012, Plaintiff signed a promissory note in favor of Bank of America, N.A. that was used to re-finance the mortgage on his primary residence and granted Mortgage Electronic Registration Systems, Inc. a Deed of Trust to secure the note that further identified Bank of America, N.A. as the lender.

### 12.

Bank of America, N.A. failed to deliver all the required material disclosures pursuant to the Truth in Lending Act 15 U.S.C 1601 *et seq.* thereby giving rise to

an extended three (3) year right to cancel the loan transaction and unilaterally void the Deed of Trust.

13.

Plaintiff failed to make payments when due under the note in October 2013 and went into default at that time.

14.

On or about March 1, 2014, Plaintiff sent notice via U.S mail to his mortgage servicer PennyMac and the Veterans Administration, the creditor as disclosed by PennyMac, that he was exercising his extended three (3) year right of rescission under the Federal Truth in Lending Act 15 U.S. Code § 1635(b).[2]

15.

On or about April 23, 2014 Plaintiff received an initial communication letter and debt validation letter sent pursuant to 15 U.S.C. § 1692(g) in the mail from Defendant White (hereinafter "Letter").  A true and correct copy of the Letter is attached hereto as Exhibit "A".

---

[2] 15 U.S. Code § 1635(b) Return of money or property following rescission

"When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge**, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission… .**"  (emphasis supplied)

16.

The Letter advised the Plaintiff the communication was from a debt collector and that the current creditor is Penny Mac Loan Services, LLC. (hereinafter "PennyMac").

17.

Plaintiff denies he owes a debt to PennyMac, as stated in the Letter, because PennyMac did not offer or extend credit creating the debt or to whom the debt is owed.

18.

In or around December 2013 PennyMac informed the Plaintiff through written communication it was only the mortgage servicer on behalf of the actual creditor.

19.

In the same written communication PennyMac also identified itself as a debt collector covered by the FDCPA. [3]

---

[3] The 6th circuit recently held "We note, as other circuits have, that "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *Bridge v. Ocwen Federal Bank*, FSB, 681 F. 3d 355 (6th Circuit)(2012).

20.

In or around the same time PennyMac orally informed the Plaintiff the creditor was the Veterans Administration.

21.

As a direct and proximate result of Defendant's misidentification of the creditor in the Letter, Plaintiff has had to hire legal counsel and incur additional fees and expenses to identify the true creditor.

22.

On information and belief, PennyMac Investment Trust, a publicly traded (and owned) Real Estate Investment Trust (NYSE ticker symbol PMT) purchased the Plaintiff's promissory note from Bank of America in or around November 2013 while the loan was in default and then contracted with PennyMac Loan Servicing, LLC. (Plaintiff's mortgage servicer) to collect the debt on its behalf.

23.

Defendant failed to correctly state the total amount due in the Letter because it only stated the amount of the debt as of April 11, 2014 and the Letter was sent on April, 21, 2014.

24.

Plaintiff further denies owing two hundred forty eight thousand one hundred thirty three dollars and forty five cents ($248,133.45) on April 21, 2014 because he

was not liable for any finance or other charges that were wrongly included in the amount due.

25.

The Letter further stated "We have been instructed to initiate foreclosure on the mortgage on your property".

26.

On or about August 25, 2014, Defendant purportedly foreclosed upon the Property using the Virginia non-judicial foreclosure laws as provided for in the then void Deed of Trust.

27.

On or about November 15, 2013 Bank of America, N.A. mailed a letter to Plaintiff purportedly sent pursuant to ¶ 22 of the Deed of Trust.  A true and correct copy is attached hereto as Exhibit "B".

28.

Bank of America, N.A. had already sold and assigned all its interest in the deed of trust to PennyMac Investment Trust as the new noteholder and/or PennyMac as the new servicer such that it no longer possessed any legal right to enforce the deed as of that date the letter was sent.

29.

Notwithstanding the fact the Deed of Trust was void at the time of foreclosure due to Plaintiff's unchallenged rescission, the letter sent by Bank of America, N.A. was nevertheless deficient because it failed to inform the Plaintiff of his absolute right to reinstate his loan after acceleration as required by ¶ 22 of the Deed of Trust.

30.

As a direct and proximate result of Defendant taking non-judicial action (foreclosure proceedings) to effect dispossession of property, Defendant is liable to the Plaintiff for all actual damages incurred thereby including without limitation, legal fees, eviction, cost of moving and acquiring a new residence, travel expenses to attend numerous eviction hearings, time missed from work and the intentional infliction of emotional distress for exercising the power of sale in a deed that was legally void and then recording a void foreclosure deed knowing full well the foreclosure deed would then be used to evict the Plaintiff in dispossessory court.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint and incorporates the same herein by this specific reference as though set forth herein in full.

32.

15 U.S.C. § 1692(e) states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.

By misidentifying the creditor in the Letter Defendant White used a false, deceptive, or misleading representation or means in connection with the collection of the Plaintiff's debt in violation of 15 U.S.C. § 1692(e).

34.

Defendant White misstated the total amount of the debt due in the Letter in violation of 15 USC § 1692(e).

35.

Defendant White threatened and/or implied in the Letter it was going to foreclose in violation of 15 USC § 1692(e).

36.

Defendant White purported to exercise the power of sale in the void Deed of Trust and recorded a void foreclosure deed on the Plaintiff's property in violation of 15 USC § 1692(e).

37.

15 USC § 1692g(a)(validation of debts) requires a debt collector within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38.

Defendant White misstated the total amount of the debt due in the Letter in violation of 15 USC § 1692g(a)(1).

38.

Defendant White failed to identify the true creditor in the Letter in violation of 15 USC § 1692g(a)(2).

40.

Pursuant to 15 U.S.C. § 1692(f), A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest…

41.

Defendant White violated § 1692(f)(6)(A) because it stated in the Letter "We have been instructed to initiate foreclosure on the mortgage on your property" when in fact the Deed of Trust was cancelled pursuant to the Truth in Lending Act 15 U.S. Code § 1635(b) and also before the Lender in the Deed of Trust complied with paragraph 22, a condition precedent to foreclosure.

42.

Defendant White violated § 1692(f)(6)(A) because on or about August 25, 2014, Defendant foreclosed upon the Property using the Virginia non-judicial foreclosure laws when in fact the Deed of Trust was cancelled pursuant to the Truth in Lending Act 15 U.S. Code § 1635(b) and also before the Lender in the Deed of Trust complied with paragraph 22, a condition precedent to foreclosure.

43.

Defendant White purported to exercise the power of sale in the void Deed of Trust and recorded a void foreclosure deed on the Plaintiff's property in violation of 15 USC § 1692(f).

44.

By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for actual damages and statutory damages of up to one thousand dollars ($1,000) per violation pursuant to 15 U.S.C. 1692k *et seq*.

## COUNT II
## CLASS ALLEGATIONS

45.

The named Plaintiff and others similarly situated to him repeat and reallege the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by reference as though set forth herein in full.

46.

Plaintiff brings this claim on behalf of a Proposed Class, consisting of:

(a)  all "consumers" as defined in the FDCPA;

(b)  that were sent a letter in connection with the collection of debt identical to or
substantially similar to Exhibit "A" from Defendant White;

(c)  that misstated the total amount of the debt owed and/or;

(d)  that failed to identify the true "creditor" as defined in the FDCPA;

(e)  to an address in the United States;

(f) on or before a date one year prior to the filing of this complaint;

(g)  excluded from the Proposed Class are: (a) Defendant's board members and
executive level officers, including its attorneys; (b) persons who timely and
properly exclude themselves from the Proposed Class; (c) persons who, as of
the date of entry of the Preliminary Approval Order, have previously executed
an individual release of all claims; and (d) all federal judges, their spouses, and
persons within the third degree of relationship to them.

47.

Plaintiff seeks class action certification and is authorized to maintain this
suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules
of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

48.

The persons included in each Class set out above are so numerous that
joinder of all parties is impractical.

49.

On information and belief there are more than five hundred (500) members
of the Proposed Class.  More precise information concerning the size and
identification of class members will be obtained through discovery and set forth in
Plaintiffs subsequent Motion for Class Certification.

50.

The claim of each potential class member is relatively small, such that it is
not economically feasible to bring individual actions for each member of the class.

51.

The claims of class representative Ronnie Davis are typical of the claims
of the Proposed Class.

52.

The questions of law and fact which are common among members of
the class are:

(i)  whether  Defendant  violated  the  FDCPA,  15  U.S.C.  §  1692(e)  and
    §1692(g)(a)(2) by falsely identifying the creditor as defined in the FDCPA;

(ii) whether Defendant violated 15 U.S.C. § 1692(e) and § 1692g(a)(1) by failing to

state the correct amount due as of the date the Letter was sent.

53.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

54.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

55.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

56.

Plaintiff has retained counsel with experience in complex litigation and consumer protection statutes.

57.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a

risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

58.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

59.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

<strong><u>DEMAND FOR TRIAL BY JURY</u></strong>

60.

Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a. as to Count I, actual damages for the Plaintiff in an amount to be determined by the enlightened consciousness of a jury;

-18-

b.  as as to Count II, statutory damages for the Plaintiff and each member of the class;

c.  attorney's fees, litigation expenses and costs of suit; and

d.  for such other or further relief as the Court deems just and proper.

Respectfully submitted this 5th day of June, 2015.

/s/April Ademiluyi
April Ademiluyi, Esq.(Bar No 29141)
The Law Office of April T. Ademiliuyi
10411 Motor City Dr Ste 750
Bethesda, MD 20817
Ph: 443-393-3984
Fax: 443-393-0416

/s/ Harlen S. Miller, III
Harlan S. Miller, III, Esq.
Miller Legal, P.C.
3646 Vineville Ave
Macon, GA, 31204
Ph. 478-216-8529
Fax 404-391-0421
*Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a copy of the foregoing First Amended Complaint  with the Clerk of Court using the CM/ECF system, which will automatically deliver a copy of same to  the following counsel of record:

**Robert H. Hillman**

This 5th day of June, 2015.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709
