IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONNIE DAVIS,

    Plaintiff,

    v.                                                                               Civil Action No. RDB-15-1108

SAMUEL I. WHITE, P.C.,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Ronnie Davis ("Plaintiff" or "Davis") brings this putative class action against Defendant Samuel I. White, P.C. ("Defendant" or "White"), alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Specifically, Davis claims that Defendant misrepresented certain material matters when acting as a "debt collector" within the meaning of the FDCPA. Since White allegedly acted as a "debt collector" for "hundreds of customers," Davis seeks to add these individuals to the putative class action.

Presently pending are Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 11) and Defendant's Second Motion to Dismiss for Failure to State a Claim or to Strike First Amended Complaint (ECF No. 13). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 11) is

1

MOOT[1] and Defendant's Second Motion to Dismiss for Failure to State a Claim or to Strike First Amended Complaint (ECF No. 13) is GRANTED IN PART as to the transfer of venue and DENIED IN PART without prejudice as to the remaining arguments for dismissal, to be refiled in the transferee court. As Plaintiff has failed to allege any facts supporting adjudication of his claims in this Court, this case will be transferred to the United States District Court for the Eastern District of Virginia.

BACKGROUND

In ruling on a motion to dismiss, this Court accepts the factual allegations in the complaint as true and construes those facts in the light most favorable to the plaintiff. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). This action arises from the alleged attempts by Defendant Samuel I. White, P.C. to collect on an unpaid debt owed by the Plaintiff, Ronnie Davis. Davis is a Virginia resident and occupant of the property at 5614 Fairfield Lane in Hayes, Virginia (the "Property"). First Amend. Compl. ¶ 2. White is a

---

[1] After Defendant filed the pending Motion to Dismiss (ECF No. 11), Plaintiff filed a First Amended Complaint (ECF No. 12), but did not file an opposition to Defendant's Motion. Typically, an amended pleading supersedes the earlier pleading and "renders it of no further legal effect." *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 414 (D. Md. 2012) (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)). Defendant argues that Plaintiff's First Amended Complaint violates Rule 15(a) of the Federal Rules of Civil Procedure, as the First Amended Complaint was filed twenty-one days after Defendant filed its Motion to Dismiss. Mem. in Support of Def.'s Second Mot. to Dismiss , 11-12, ECF No. 13-1. Defendant notes that Plaintiff did not attempt to obtain Defendant's consent, nor did Plaintiff seek leave of this Court before filing the First Amended Complaint. *See* Fed. R. Civ. P. 15(a); *see also* Local Rule 103.6 (D. Md. 2014). Although this Court acknowledges that Plaintiff did not comply with the applicable procedures, the liberal spirit of Rule 15(a) supports the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Defendant was not prejudiced by the filing of the First Amended Complaint. Indeed, Defendant has since moved to dismiss the First Amended Complaint, thus Plaintiff's action did not deny Defendant any full and fair opportunity to litigate the claims raised. This Court will thus accept Plaintiff's First Amended Complaint, rendering the pending Motion to Dismiss moot.

corporation organized under Virginia law, with its principal place of business also located in Virginia. *Id.* ¶ 4. White maintains a satellite office in Rockville, Maryland. *Id.*

On December 10, 2012, Davis signed a promissory note (the "Note") in favor of Bank of America, N.A. ("Bank of America") to refinance the mortgage on the Property.[2] *Id.* ¶ 11. To secure the Note, Davis also "granted" a Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"), naming Bank of America as the lender. *Id.* After the creation of the Note and Deed of Trust, Plaintiff claims that Bank of America failed to deliver all material disclosures, as required by the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq. Id.* ¶ 12. This failure allegedly triggered "an extended three (3) year right to cancel the loan transaction and unilaterally void the Deed of Trust" pursuant to 15 U.S.C. § 1635(b). *Id.* ¶¶ 12, 14.

Davis defaulted on the mortgage in October 2013. *Id.* ¶ 13. On November 15, 2013, Bank of America notified Davis pursuant to ¶ 22 of the Deed of Trust that it had sold its interest to PennyMac Investment Trust (the "November 15 Letter"). *Id.* ¶¶ 27-28; *see also* First Amend. Compl. Ex. B, ECF No. 12-2 (Copy of the Deed of Trust). The letter also identified PennyMac Loan Services, LLC ("PennyMac") as loan servicer. First Amend. Compl. ¶ 28. Plaintiff claims that, as of the November 15 Letter, Bank of America no longer possessed any interest in the Note or the Deed of Trust, and thus no right to enforce either instrument. *Id.* On March 1, 2014, he notified PennyMac and the United States Veterans

---

[2] Although Plaintiff does not identify the Property as that located at 5614 Fairfield Lane, Hayes, Virginia, the alleged debt collection letter, attached as Exhibit A to the First Amended Complaint, lists that address as the subject address. First Amend. Compl. Ex. A, ECF No. 12-1. As Plaintiff lists 5614 Fairfield Lane as his current address, *see* First Amend. Compl. ¶ 2, this Court will assume that he still occupies the Property.

Administration, an alleged creditor,[3] that he intended to exercise his alleged extended three-year right of recission. *Id.* ¶ 14.

On April 23, 2014, Plaintiff received a letter from Defendant White (the "April 23 Letter") notifying him of the unpaid balance of the mortgage. *Id.* ¶ 15. He labels this letter an "initial communication letter and debt validation letter sent pursuant to 15 U.S.C. § 1692(g)." *Id.*; *see also* First Amend. Compl. Ex. A, ECF No. 12-1 (Copy of April 23 Letter). The April 23 Letter named PennyMac as creditor, yet Davis denies owing any debt to PennyMac. First Amend. Compl. ¶¶ 16-17. Rather, he claims that, via a communication in December 2013, PennyMac represented itself solely as the mortgage servicer acting on behalf of the creditor. *Id.* ¶ 18. The April 23 Letter concluded with the following statement:

> "<u>THIS IS AN ATTEMPT TO COLLECT A DEBT</u>[.] THIS IS A COMMUNICATION FROM A DEBT COLLECTOR[.] ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE[.]"

First Amend. Compl. Ex. A. at 2; First Amend. Compl. ¶ 19.

Plaintiff alleges that the April 23 Letter contained several discrepancies or issues. First, he claims that Defendant incorrectly identified the creditor to whom Davis owed the debt. *Id.* ¶ 21. Due to Defendant's alleged misidentification of the creditor, Davis claims that he was forced to hire legal counsel to ascertain the true identity. *Id.* He alleges that PennyMac Investment Trust purchased the Note from Bank of America in November 2013, after Plaintiff had defaulted on the loan. *Id.* ¶ 22. PennyMac Investment Trust then entered into a contract with PennyMac to collect the debt. *Id.* Second, Plaintiff alleges that White

---

[3] Plaintiff alleges that, as he was honorably discharged from the United States Army, he refinanced his home mortgage through the United States Veterans Administration. *Id.* ¶ 2.

misstated the total debt owed. *Id.* ¶ 23. Specifically, the April 23 Letter quoted the debt as of April 11, 2014, but the Letter was not mailed until April 21, 2014. *Id.* Any further accrued debt during the intervening ten days is thus missing. Plaintiff further denies that he owed the listed debt, $248,133.45, on April 21, 2014, as "he was not liable for any finance or other charges that were wrongly included in the amount due." *Id.* ¶ 24. Finally, the April 23 Letter stated that "[White] have been instructed to initiate foreclosure on the mortgage on your property." *Id.* ¶ 25; First Amend. Compl. Ex. A., at 1.

Using Virginia's non-judicial foreclosure provision, Defendant allegedly foreclosed on the Property on August 25, 2014. First Amend. Compl. ¶ 26. As a result of the foreclosure, Davis claims that he suffered damages including, *inter alia*, "legal fees, eviction, cost of moving and acquiring a new residence, travel expenses to attend numerous eviction hearings, time missed from work and the intentional infliction of emotion distress . . ." *Id.* ¶ 30.

Plaintiff first filed suit in the United States District Court for the Northern District of Georgia on August 19, 2014 (the "Georgia Action").[4] Def.'s Second Mot. to Dismiss Ex. B, ECF No. 13-3. In that action, Davis asserted allegations identical to those of the present action, but named PennyMac as the defendant. *Id.* White was not a party to the Georgia Action. *Id.* Davis and PennyMac ultimately reached a settlement, a copy of which is filed under seal in the present action. *See* Amend. Mot. to Seal Settlement Agreement Ex. 1, ECF No. 21-1. On Davis and PennyMac's joint motion, the district court dismissed Davis's claims

---

[4] In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court "may properly take judicial notice of matters of public record . . ." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). As such, this Court takes judicial notice of "Exhibit A" (Copy of Joint Stipulation of Dismissal of Georgia Action), ECF No. 13-2, and "Exhibit B" (Copies of Plaintiff's Complaint and the docket sheet in the Georgia Action), ECF No. 13-3.

with prejudice. *See* Def.'s Mot. to Dismiss Ex. A.

Davis filed the present putative class action seeking redress for White alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. After White moved to dismiss (ECF No. 11), Plaintiff filed a First Amended Complaint (ECF No. 12) addressing some of the alleged deficiencies cited by White as grounds for dismissal. White subsequently moved to dismiss the First Amended Complaint (ECF No. 13).

## STANDARD OF REVIEW

### I. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual

allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## II. Motion to Dismiss Pursuant to Rule 12(b)(3)

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010) (citing *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 471 (D. Md. 2002)). Like a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Three M Enters., Inc. v. Tex. D.A.Ar. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 2005)).

## ANALYSIS

In support of its Second Motion to Dismiss, Defendant argues (1) that this Court is an improper venue; (2) that Davis lacks standing as he has failed to assert a justiciable case or

7

controversy; (3) that Davis is collaterally estopped from asserting his claims due to the Georgia Action; and (4) that Davis fails to plead a claim for which relief may be granted under the FDCPA because White is not a "debt collector," nor were the alleged misrepresentations "material." Davis has failed to allege any facts supporting adjudication of his claims in Maryland, thus this Court need not reach Defendant's alternative grounds for dismissal.

>Under 28 U.S.C. § 1391(b), venue is proper in
>
>>(1) a judicial district where any defendant resides, if all defendants reside in the same State,
>>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>>(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Turning first to the latter two provisions under which venue is proper, this Court finds that Plaintiff has established venue under neither 28 U.S.C. § 1391(b)(2) nor (b)(3). White notes, and Davis does not dispute, that all events underlying Davis's claim occurred in Virginia. The Property is located in Virginia, foreclosure was pursued according to Virginia state law, Davis continues to reside in Virginia, and White was incorporated under Virginia law. First Amend. Compl. ¶¶ 2, 4, 11, 26. Venue thus does not arise under 28 U.S.C. § 1391(b)(2). Moreover, both parties assert that venue would be proper in the United States District Court for the Eastern District of Virginia.[5] Mem. in Support of Def.'s Mot. to

---

[5] Both Plaintiff and Defendant incorrectly label the federal district court in Norfolk, Virginia as the "United States District Court for the Southern District of Virginia." Mem. in Support of Def.'s Mot. to Dismiss, at 16; Pl.'s Resp. in Opp'n, at 18. The federal district court in Norfolk, however, is a division of the United States

Dismiss, at 16; Pl.'s Resp. in Opp'n, 18, ECF No. 16. Another district is available, thereby eliminating 28 U.S.C. § 1391(b)(3) from contention.

Proper venue thus hinges on Plaintiff's satisfaction of 28 U.S.C. § 1391(b)(1). Where the defendant is a corporation, it is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The inquiry accordingly becomes whether this Court may exercise personal jurisdiction over the Defendant in the present case. Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, state law governs the manner in which a federal court may exercise personal jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (citing *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997)). Maryland's long-arm statute, Md. Code Ann. Cts. & Jud. Proc. § 6-103, "expands Maryland's exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment." *ALS Scan*, 293 F.3d at 710 (citing *Androutsos v. Fairfax Hosp.*, 594 A.2d 574, 576 (Md. 1991)).

Under the Due Process Clause, a court may exercise of personal jurisdiction when the defendant "if he be not present within the territory of the forum, . . . ha[s] certain minimum contacts with [the jurisdiction] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A corporate defendant's "'presence' without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it." *ALS Scan*, 293

---

District Court for the Eastern District of Virginia. Hayes, Virginia, the location in which the alleged events underlying this action took place, is within the Eastern District of Virginia.

F.3d at 711 (quoting *Int'l Shoe*, 326 U.S. at 316). As such, "the terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process." *ALS Scan*, 293 F.3d at 711 (quoting *Int'l Shoe*, 326 U.S. at 316-17).

When the defendant is not "present" for purposes of due process, a court may exercise personal jurisdiction through a finding of either specific jurisdiction or general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). Specific jurisdiction exists when "(1) . . . the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) . . . the plaintiff['s] claims arise out of those activities directed at the state; and (3) . . . the exercise of personal jurisdiction [is] constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397 (citing *ALS Scan*, 293 F.3d at 711-12). Alternatively, general jurisdiction arises when the defendant's activities in the subject forum are "continuous and systematic." *ALS Scan*, 293 F.3d at 712.

Turning first to specific jurisdiction, Plaintiff alleges no connection between his claims and the Defendant's purported activities in Maryland. As discussed *supra*, all claims arise from a mortgage dispute and subsequent foreclosure of the Property, which is located in Virginia. White employed *Virginia* law when conducting the foreclosure. Defendant's Maryland satellite office did not participate in the underlying events. Any FDCPA violations thus are unconnected to any activity, minimal though it may be, of White in the subject forum. Plaintiff thus fails to satisfy the requirements of specific jurisdiction.

On the other hand, the First Amended Complaint does offer facts sufficient to establish general jurisdiction. General jurisdiction requires that Defendant's activities in Maryland be "continuous and systematic." *ALS Scan*, 293 F.3d at 712. White maintains a small satellite office in Maryland and presumably conducts certain business affairs through that office. The size of the Maryland office is not dispositive, as its mere existence establish a continuous activity of the Defendant in this forum. Accordingly, this Court's exercise of personal jurisdiction over White does not offend due process.

The presence of personal jurisdiction, however, does not necessarily dictate that this Court is the appropriate venue for the adjudication of Davis's claims. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has great discretion in determining whether to transfer a case under Section 1404(a). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

When considering whether to transfer an action to a different venue, this Court must first determine whether the action could have been brought in the transferee district. *See Aphena Pharma Sols.-Maryland LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 318 (D. Md.

2012). Both Plaintiff and Defendant acknowledge that, as residents of Virginia, this action could be adjudicated in the United States District Court for the Eastern District of Virginia.

Having determined that a case could have been brought in the transferee forum, this Court must proceed to consider whether transfer is appropriate in the instant case. *See, e.g., MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, Civ. A. No. RDB-12-02109, 2013 WL 1224484, at *5 (D. Md. Mar. 26, 2013). Whether transfer is appropriate turns on the following factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *MTB Servs., Inc.*, 2013 WL 1224484 at *5. In this case, a balancing of these factors weighs in favor of transfer.

Turning first to the "weight accorded the plaintiff's choice of venue," this Court notes that a plaintiff's choice of forum is ordinarily "entitled to substantial weight." *Topiwala v. Wessell*, Civ. A. No. WDQ-11-0543, 2012 WL 122411, at *7 (D. Md. Jan. 12, 2012) (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)). Nevertheless, a plaintiff's choice is afforded less weight "when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation." *Topiwala*, 2012 WL 122411, at *7 (citing *Tse v. Apple Computer*, Civ. A. No. 05–2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006)). As discussed *supra*, Davis does not allege that he is a resident of Maryland, or that any of the events underlying his claims arose in Maryland. Indeed, he acknowledges that he is a resident of Virginia and all events occurred in that state. Given that Maryland has little or no connection to the Plaintiff, the first factor supports transfer.

The second and third factors, "witness convenience and access" and "convenience of the parties," also counsel in favor of transfer. Transfer of venue is "inappropriate" where it

will merely "'shift the balance of convenience'" from plaintiff to defendant. *Topiwala*, 2012 WL 122411, at *7 (quoting *Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)). It is undisputed that all events giving rise to Davis's claims against White occurred in Virginia. Davis does not argue that transfer would in any way inconvenience his intended witnesses. In fact, he does not even attempt to argue that adjudication in this Court is convenient. As both he and the Defendant are residents of Virginia, the adjudication of this case in Virginia would presumably be *more* convenient for the parties.

Finally, transfer to the United States District Court for the Eastern District of Virginia is in the "interest of justice." This last factor "'encompass[es] all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.'" *Topiwala*, 2012 WL 122411, at *8 (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)). As this Court has repeatedly noted, Plaintiff's FDCPA claims simply have nothing to do with the State of Maryland. Perhaps in recognition of the utter absence of any facts supporting adjudication in this Court, Plaintiff consents to the transfer of this case to the appropriate forum. Pl.'s Opp'n, at 21. This Court cannot find any reason to explain the filing of the present action in this Court. The "interest of justice" is best served by the litigation of Davis's claims in the forum in which they arose—Virginia.

In sum, while Plaintiff *could* bring his claims in this Court, he has alleged no facts connecting his claims to the State of Maryland. Accordingly, this case will be transferred to the United States District Court for the Eastern District of Virginia.[6]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 11) is MOOT and Defendant's Second Motion to Dismiss for Failure to State a Claim or to Strike First Amended Complaint (ECF No. 13) is GRANTED IN PART as to the transfer of venue and DENIED IN PART without prejudice as to the remaining arguments for dismissal, to be refiled in the transferee court. As Plaintiff has failed to allege any facts supporting adjudication of his claims in this Court, this case will be transferred to the United States District Court for the Eastern District of Virginia.

A separate Order follows.

Dated: March 24, 2016                           _____/s/_____
                                                Richard D. Bennett
                                                United States District Judge

---

[6] As this case will be transferred to the appropriate forum, this Court will not determine whether Davis has sufficiently alleged violations of the FDCPA to survive Rule 12(b)(6). Yet, this Court does note dubious nature of Davis's claims, given recent precedent in this circuit holding that actors like White are not "debt collectors" within the FDCPA. *See, e.g., Blagogee v. Equity Trustees, LLC*, No. 1:10-CV-13 (GBL–IDD), 2010 WL 2933963 (E.D. Va. July 26, 2010); *McCray v. Fed. Home Loan Mortg. Corp., et al.*, Civ. A. No. GLR-13-1518, 2014 WL 293535 (D. Md. Jan. 24, 2014). The sufficiency of the First Amended Complaint, however, is a matter reserved for the transferee court.